### THE MISSOURI MALLEABLE IRON COMPANY

*v.*

### MOLLIE HOOVER, Admx.

*Opinion filed April 17, 1899.*

1. TRIAL—*court must refuse instruction to find for defendant if evidence tends to sustain declaration.*  Where there is evidence tending to prove the facts alleged in the declaration it is not error for the trial court to refuse to instruct the jury to find for the defendant.

2. SAME—*it is not the province of the court to weigh the evidence.*  Unless the evidence in a personal injury case is such that the jury cannot draw a justifiable inference therefrom that plaintiff's intestate was using due care and that defendant was negligent the court cannot direct a verdict for the defendant, even though the evidence tends more strongly to establish the issues in his favor.

*Missouri Malleable Iron Co. v. Hoover*, 77 Ill. App. 437, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

POLLARD & WERNER, for appellant.

JESSE M. FREELS, and M. MILLARD, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The appellee recovered a judgment against appellant in the city court of East St. Louis, which the Appellate Court has affirmed, for negligently causing the death of John T. Hoover, who was in the service of appellant as a grinder. The only error insisted on in this court is the refusal of the trial court to instruct the jury to find the defendant not guilty.

At the time he was injured Hoover was grinding an automatic car-coupler on an emery wheel which appellant had provided for such work. The wheel was a new one and of a different pattern from those generally used by appellant, and the bore through its center was too large for the shaft, or mandrel, on which it was fitted. It was softer in some of its parts than in others, and for that reason would not wear away evenly, but it appears that such a defect is by no means an unusual one. The assistant superintendent and Hoover, because of the large bore in the wheel, did not know how to adjust it on the mandrel and so notified the superintendent, who came and put in strips of cardboard as a lining to the "bushing," which was usually made of lead or babbitt, to hold the wheel true until the clamps were adjusted to hold it in place. The superintendent testified that when the clamps were adjusted the wheel would remain in place regardless of the sufficiency of the paper lining which had been used to fill in the excess of the bore in the wheel, but he testified also that while the clamps should be firmly adjusted it was not safe to adjust them too tightly, for to do so might endanger the safety of the wheel when rapidly revolving. The wheel did not "run true" and the superintendent directed Hoover to "true it up," which he did by

dressing down the outer surface as directed. After it had been "trued up" Hoover ground one coupler, consuming about forty-five minutes in the work, and had partly ground another, when the wheel, after an hour's use, broke into fragments, one of which crushed Hoover's skull, from which injury death ensued in less than two hours.

It appears that appellant was somewhat hurried in its work, and procured this wheel because it could not procure at once the kind it had been using. If such a wheel, adjusted as it was to the mandrel, was unsafe for the work to which it was applied, and appellant or its superintendent, by using ordinary care and skill, ought to have known it, and the injury was caused by such defective condition or adjustment, appellee was entitled to recover if Hoover was at the time exercising due care for his own safety. We are of the opinion that it was not an unjustifiable inference for the jury to draw, from the evidence, that the wheel so adjusted was unsafe, and that Hoover did not know that fact, and that the appellant was guilty of negligence in the respect mentioned. That being so, we cannot reverse the judgment on that question, although it may appear that the evidence tends more strongly to prove that the use of such lining was a safe and common one, and that there was, in fact, no negligence on the part of the defendant. There was evidence tending to prove ordinary care on the part of Hoover, and evidence also tending to prove the lack of it. The question was one of fact for the jury, the trial court and the Appellate Court, and not of law for this court. As we have uniformly held upon assignments of error like the one made and urged in this case, where there is evidence tending to prove the facts alleged in the declaration it is not error for the trial court to refuse to instruct the jury to find for the defendant.

The judgment will be affirmed.

*Judgment affirmed.*